NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ROBERT SCOTT SMITH WASHINGTON, JR., <br><br> Plaintiff <br><br> v. <br><br> JOHN FISHER, et al., <br><br> Defendants | Civil No. 24-7228 (RMB-MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the complaint (Dkt. No. 1) filed *pro se* by Plaintiff Robert Scott Smith Washington, Jr., a prisoner confined in South Woods State Prison in Bridgeton, New Jersey. Plaintiff submitted an *in forma pauperis* ("IFP") application under 28 U.S.C. § 1915(a) (Dkt. No. 1-2), which establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted. The Court must review the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires courts to dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *Id.* For the reasons discussed below, the Court will dismiss the complaint with prejudice.

I.  **DISCUSSION**

   A.  **Standard of Law**

Courts must liberally construe complaints filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The standard for dismissal for failure to state a claim under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555).

   B.  **The Complaint**

The defendants named in the complaint are John Fisher, Administrator of South Woods State Prison, Sergeant R. Rodriguez, and seven John/Jane Doe correctional officers. Compl., Dkt. No. 1 at 1-5. Plaintiff was housed in Unit 5-2-R at South Woods State Prison in January 2023. *Id.* at 6. On or about January 1, 2023 and again on January 19-20, 2023, there were no working water lines in Plaintiff's housing unit and other areas of the prison. *Id.* at 6-7. In summary, on those three

2

occasions, Plaintiff did not have sufficient access to bathrooms and drinking water. There were operable toilets in the gym, but inmates were only allowed one trip to the gym. Inmates were only provided two bottles of spring water for twenty-four hours, not enough to drink and wash their hands. Inmates were locked in cells containing open human waste. One officer denied Plaintiff a plastic bag to contain the waste. Plaintiff alleges Administrator John Fisher and the other defendants mishandled the situation in the following ways: (1) locking inmates in their cells most of the day and overnight exposed to feces and urine in cups, bags and on the floor, when there was space for inmates to temporarily be moved outside their cells; (2) providing only two bottles of water per day for washing and drinking; (3) not allowing inmates to use operable toilets outside their unit more than once a day; (4) not providing hand sanitizer; (5) allowing inmates, including Plaintiff, to work without adequate hygiene; (6) doing nothing to reduce the odor.

    C.    **Analysis**

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The first component of an Eighth Amendment is whether the deprivation alleged is objectively serious. *Id.* at 834. Denial of "the minimal civilized measure of life's necessities," is objectively serious. *Id.* "[T]he circumstances, nature, and duration of the conditions must be carefully considered but the length of exposure ... is often of prime importance." *Martin v. Gearhart*, 712 F. App'x 179, 186 (3d Cir. 2017) (cleaned up). Ultimately, "the inmate must show that he is incarcerated under conditions

posing a substantial risk of serious harm." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019). The second component of an Eighth Amendment conditions of confinement claim is subjective, whether the defendant was deliberately indifferent to the prisoner's health and safety. *Id.* The inmate must allege the "prison official" knew of and disregard "an excessive risk to inmate health or safety." *Id.* (cleaned up). Because this is a subjective test, "the official must actually be aware of the existence of the excessive risk." *Id.*

The exposure to the sight and smell of human waste in close quarters, particularly for a period of 24 hours or longer, is very uncomfortable, but does not in itself pose a substantial risk of serious harm. A closer call is whether having only two bottles of water for both drinking and hand-washing under such conditions, one occasion for a 24-hour period, and later in the month, another occasions for a 48-hour period, posed a substantial risk of harm to an inmate's health. *See Martin v. Gearhart*, 712 F. App'x 179, 186 (3d Cir. 2017) ("deprivation of running water for just over a day was insufficiently serious to establish an Eighth Amendment violation"). Even assuming the risk to Plaintiff's health was objectively serious, Plaintiff has not alleged facts suggesting that any of the defendants both knew of and disregarded an excessive risk that Plaintiff would come into direct contact with urine or human feces, and that he would not have sufficient water to wash his hands to prevent the possibility of illness. Therefore, the Court will dismiss the Complaint without prejudice for failure to establish the deliberate indifference element of the conditions of confinement claim.

## III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice, with leave to amend if Plaintiff can allege facts that state a claim for relief.

An appropriate Order follows.

**DATE: March 26, 2025**

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
Chief United States District Judge
